UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WEST AMERICAN INSURANCE COMPANY, | CASE NO. C23-5482-KKE |
| Plaintiff(s), | ORDER DENYING MOTION TO STRIKE AND DIRECTING PARTIES TO MEET AND CONFER |
| v. | |
| HALLMARK SPECIALTY INSURANCE COMPANY et al., | |
| Defendant(s). | |

After the Court denied the parties' cross-motions for summary judgment (Dkt. No. 51), Plaintiff, and then the parties jointly, requested an opportunity to submit additional evidence that could allow the Court to resolve legal issues before proceeding to trial. Dkt. Nos. 52, 55. The Court held a status conference to discuss case scheduling on September 27, 2024, and the Court found good cause to continue the trial date. Dkt. No. 59. The Court instructed the parties to file a joint status report no later than October 28, 2024, addressing the appropriate mechanism and schedule for presenting legal issues for the Court's adjudication. *See id*.

Despite Plaintiff's counsel's efforts to meet and confer, Defendant's counsel did not participate in that process and Plaintiff filed a timely status report without Defendant's input. Dkt. Nos. 60, 61. Plaintiff's status report requested an opportunity to renew Plaintiff's motion for summary judgment, supported with supplemental evidence. Dkt. No. 60. The Court granted

ORDER DENYING MOTION TO STRIKE AND DIRECTING PARTIES TO MEET AND CONFER - 1

Plaintiff leave to renew its summary judgment motion with supplemental evidence, and ordered Plaintiff to do so no later than November 8, 2024, with instructions to note the renewed motion as a 28-day motion under Local Rules W.D. Wash. LCR 7.  *See* Dkt. No. 62.

Plaintiff filed its renewed motion for summary judgment as instructed, on November 8, 2024, and the motion was properly noted for December 6, 2024.  *See* Dkt. No. 66.  Under LCR 7, Defendant's opposition was due on November 29, 2024, but the Court was closed that day. Therefore, under Federal Rule of Civil Procedure 6(a)(6) and LCR 7(d), Defendant's opposition was due on December 2, 2024.

On December 2, 2024, Defendant filed two oppositions via two attorneys at different firms. Dkt. Nos. 71, 73.  One attorney filed a cross-motion for summary judgment, and the other attorney filed an opposition.  *Id*.  On December 3, 2024, Plaintiff filed a motion to strike both filings as untimely, and requested in the alternative that the Court order Defendant to withdraw one of the filings.  Dkt. No. 75.

As explained herein, the filings are not untimely due to the effect of the Court closure on November 29, 2024, and the Court therefore DENIES Plaintiff's motion (Dkt. No. 75) to the extent it argues otherwise.  But the filing of two oppositions to a summary judgment motion is nonetheless improper under LCR 7(b)(2) (contemplating a single opposition brief), and it is not clear from the docket which opposition brief was authorized by Defendant.

Furthermore, the Court's previous order did not contemplate cross-motions; because defense counsel had failed to meet and confer with Plaintiff's counsel, the Court entered a scheduling order contemplating the renewal of Plaintiff's motion only.  *See* Dkt. No. 62.  A cross-motion filed on December 2, 2024, would not be ripe until December 30, 2024, under LCR 7(d)(4). Yet the Court set a new trial date of March 10, 2025, with an understanding that this date would

be approximately 120 days after the dispositive motion would be filed. *See* Dkt. No. 18 at 3, Dkt. No. 63. Thus, Defendant's cross-motion was filed without leave of Court.

With this perspective in mind, the parties are ORDERED to meet and confer and to file no later than December 5, 2024, a joint status report (1) clarifying who is representing Defendant, (2) advising how to proceed with respect to Plaintiff's summary judgment motion (Dkt. No. 66), and (3) addressing whether any adjustment to the summary judgment briefing or case schedule is warranted.

Dated this 3rd day of December, 2024.

*Kymberly K. Evanson*
Kymberly K. Evanson
United States District Judge